## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SERGEY ALEYNIKOV,** | Civ. No. 15-2057 (KM) |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **THE GOLDMAN SACHS GROUP, INC.,** | |
| **Defendant.** | |

This matter comes before the Court pursuant to the Objections (ECF No. 33) of The Goldman Sachs Group, Inc. ("GS Group") to a Report and Recommendation ("R&R") (ECF No. 30) filed by Magistrate Judge Michael A. Hammer. The R&R, in the form of an oral opinion dictated into the record by Judge Hammer, granted the motion (ECF No. 4) of the plaintiff, Sergey Aleynikov, pursuant to 28 U.S.C. § 1447(c), to remand an action for advancement of legal fees to the Delaware Court of Chancery. Because this is a dispositive ruling, I review it *de novo. See* Fed. R. Civ. P. 72(b)(3); D.N.J. Local Rule 72.1(c)(2); *In re U.S. Healthcare,* 159 F.3d 142, 146 (3d Cir. 1998) (remand decision is dispositive for purposes of 28 U.S.C. § 636). Because I am in agreement with Judge Hammer's well-reasoned opinion, I will adopt the R&R with minimal discussion.

As to advancement of fees for defending against Goldman's pending civil counterclaims. Aleynikov has filed a separate action in the Delaware Court of Chancery (C.A. No. 10636-VCL). He acknowledges that he wishes to take advantage of that state court's expedited fact finding procedures. *See* DCGL § 145(k); *see also Aleynikov v. Goldman Sachs,* No. 12 cv 5994, 2015 WL 225804, at *2 n.4 (D.N.J. Jan. 16, 2015). And indeed, those state court procedures seem well adapted to the state law provisional remedy of advancement of fees. This Court, however, is not called upon to select the "better" forum; both sides posture the dispute as one over the proper scope of removal under federal procedural law. GS Group removed the Delaware state court case to the U.S. District Court for the District of Delaware, invoking diversity jurisdiction; Aleynikov immediately moved to remand the case to state court, asserting that removal had been contrary to law. That remand motion is before this Court as a result of the Delaware federal court's transfer of venue to this District.

There is no dispute that the parties are diverse and that the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). GS Group acknowledges that it is incorporated in Delaware and is a citizen of that state. At issue is the applicability, or not, of the "home state" exception to removal based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2).[1] If the home state exception applies, then GS Group's removal of the case to the federal district court in its home state of Delaware was barred by statute.

This remand motion thus presents a question of statutory interpretation. GS Group stresses that it filed the notice of removal immediately after the complaint had been filed, but before it had been served, so it is not a party "joined and served as [a] defendant[]" within the meaning of Section 1441(b)(2). Aleynikov's motion to remand contends that GS Group's interpretation is contrary to the legislative intent and purpose, and that the § 1441(b)(2) home state exception bars removal. (For a recent overview of district courts' treatment of the issue nationwide, and the arguments pro and con, *see Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313 (D. Mass. 2013).)[2]

In my view, this motion is properly categorized as one to remand pursuant to 28 U.S.C. § 1447(c), based on an asserted defect in removal: *i.e.,* a contention that removal was "not authorized by law." *Cook v. Wikler*, 320 F.3d 431, 437 (3d Cir. 2003) (quoting *Pierpoint v. Barnes*, 94 F.3d 813, 817 (2d Cir.1996) (interpreting 28 U.S.C. § 1447(c)). I decide the motion on that basis.[3]

---

[1]     "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

[2]     As *Gentile* pointed out in summarizing the district court case law, appellate authority is lacking because such a remand is not appealable. 934 F. Supp. 2d at 316 n.3. *See* 28 U.S.C. § 1447(d) (with irrelevant exceptions, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise"); *Cook v. Wikler*, 320 F.3d 431, 435 (3d Cir. 2003) (holding that a 1996 strengthening amendment to 28 U.S.C. § 1447(c) worked a corresponding expansion in the scope of the § 1447(d) bar to appeal, in effect abrogating earlier case law permitting appeal in some circumstances); *McBride v. Twp. of W. Orange*, 127 F. App'x 54, 56 (3d Cir. 2005) (citing 28 U.S.C. § 1447(d) and dismissing appeal from § 1447(c) remand)).

[3]     To be clear, this is not a remand based on lack of subject matter jurisdiction.

There are ... two ways by which a plaintiff can challenge a notice of removal. First, he can assert that the federal court lacks subject matter jurisdiction over the case because it does not come within the "original jurisdiction" of the federal court. 28 U.S.C. § 1441(a). It is undisputed here, however, that there is complete diversity among the parties such that this case falls within the diversity subject matter jurisdiction of this court. 28 U.S.C. § 1332. Second, a plaintiff can claim that there was a

The issue under 28 U.S.C. § 1441(b)(2) has been ably surveyed and discussed by Magistrate Judge Hammer in his oral R&R. I agree with the reasoning and the result. The Report and Recommendation will be affirmed and adopted as the ruling of the Court.

For the foregoing reasons, the case will be remanded to the Delaware Court of Chancery.[4] An appropriate order accompanies this Memorandum Opinion.

Dated: January 6, 2016

KEVIN MCNULTY
United States District Judge

---

procedural defect in the removal. The forum defendant rule has been held to implicate the latter type of challenge

*Gentile,* 934 F. Supp. 2d at 316.

Section 1441(b) is not a jurisdictional limitation, but a statutory limit on a case's removability. This is a case that could have been filed originally in federal court under its diversity jurisdiction. Thus the remand issue here involves the statutory scope of removal, not the court's jurisdiction. *See In re FMC Corp. Packaging Sys. Div.,* 208 F.3d 445, 450 n.6 (3d Cir. 2000); *Korea Exchange Bank v. Trackwise Sales Corp.,* 66 F.3d 46, 50–51 (3d Cir. 1995). Although subject matter jurisdiction may be raised at any time, a motion to remand on other grounds must be brought within 30 days of the filing of the notice of removal. 28 U.S.C. § 1447(c). Aleynikov's motion was timely.

[4]     The parties are in agreement that, *if* remand is ordered, this transferee court is empowered (indeed required) to remand it to the Delaware Court of Chancery. (R&R, ECF No. 32 at 7 (citing *Allied Signal Recovery Trust v. Allied Signal Inc.,* 298 F.3d 263, 270 (3d Cir. 2002))).